IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| REGINALD WATTS, | : | |
| | : | |
| Plaintiff, | : | Case No. 5:22-CV-00321-TES-CHW |
| | : | |
| v. | : | |
| | : | |
| DEPUTY WARDEN EADDIE, | : | Proceedings Under 42 U.S.C. §1983 |
| | : | Before the U. S. Magistrate Judge |
| Defendant. | : | |

## ORDER

*Pro se* Plaintiff Reginald Watts, a prisoner confined in Macon State Prison in Oglethorpe, Georgia has filed a 42 U.S.C. § 1983 complaint. ECF No. 1. Plaintiff also filed a motion for leave to proceed *in forma pauperis*. ECF No. 2. Plaintiff's motion for leave to proceed *in forma pauperis* is **GRANTED**. However, Plaintiff must recast his complaint as instructed below.

**MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). ECF No. 2. As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**. However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee

based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I.     Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection

of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

   II.   Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

In accordance with the Prison Litigation Reform Act, the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Plaintiff states that he was attacked and stabbed by another inmate at Macon State Prison in July 2021. ECF No. 1 at 5. Plaintiff states that because the medical unit was closed, he "was escorted to the Freeworld hospital and was handled by them". *Id*.

Plaintiff's complaint in its present form is not sufficient to establish a claim under

42 U.S.C § 1983. It is unclear why Plaintiff has named Deputy Warden Eaddie as a Defendant in this action because there are no allegations whatsoever within the body of the complaint which implicate Defendant Eaddie in any unconstitutional act. *See id.* at 4-5. A district court properly dismisses a complaint when the plaintiff, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendant with an alleged constitutional violation. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation").

If Plaintiff is attempting to assert a claim based solely on the supervisory role of Defendant Deputy Warden Eaddie, then his complaint still fails to state a claim. Supervisors within a prison are liable under § 1983 only if they personally participate in the constitutional violation, direct their subordinates to act unlawfully, or know their subordinates will act unlawfully but fail to stop them. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir.2010). In other words, a plaintiff must allege facts showing either that a supervisor personally participated in the alleged constitutional violation or

4

that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation to state a claim against a supervisory prison official. *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999); *see also Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x 862, 866-67 (11th Cir. 2008) (*per curiam*) (rejecting claim where the plaintiff failed to allege decision making officials took specific actions amounting to a constitutional violation); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation"); *Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

Because Plaintiff is proceeding pro se, the Court will afford Plaintiff one opportunity to remedy the defects as explained herein. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff

5

an opportunity to amend his complaint instead of dismissing it."). Therefore, Plaintiff is required to submit an amended complaint if he wishes to proceed with his claims.

Plaintiff's recast complaint shall take the place of and supersede all allegations made in the original complaint. Meaning, the Court will only consider the factual allegations and claims contained in Plaintiff's recast complaint should he file one. The Court will not consider those facts contained in Plaintiff's original complaint. Accordingly, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing.

The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant. Plaintiff must provide enough facts to plausibly demonstrate that each Defendants' actions or omissions resulted in the violation of his constitutional rights. If Plaintiff fails to link a named Defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint against a named Defendant, that Defendant will be dismissed.

It is recommended that, when drafting his statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1)   *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's role in the unconstitutional conduct? Was the defendant personally involved in the constitutional violation? If not, did his actions otherwise cause the unconstitutional action? How do you know?

(2)   *When* and *where* did each action occur (to the extent memory allows)?

(3)   *How* were you injured as a result of this defendant's actions or decisions?   If your injury is related to a change in the conditions of your confinement, please describe how those conditions differ from those in general population.

(4)   *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?   *What* did this defendant do (or not do) in response to this knowledge?

Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case; he also need not use legal terminology or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified.   *See* Fed. R. Civ. P. 8.   Additionally, Plaintiff is not to include any exhibits or attachments.   ***The complaint must be no longer than ten (10) pages.***

The **CLERK** is **DIRECTED** to mail Plaintiff a standard § 1983 complaint form along with a copy of this Order (all showing the civil action number).   Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to recast his complaint on the Court's standard § 1983 form as instructed.   While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address.   **Failure to fully and timely comply with this Order may result in the dismissal of this Complaint.** There will be no service of process in this case until order of the Court.

**SO ORDERED and DIRECTED**, this 23rd day of September, 2022.

> s/ Charles H. Weigle
> Charles H. Weigle
> United States Magistrate Judge